IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEX TECHNOLOGIES, INC. a Delaware company, | : : : |
| Plaintiff, | : : |
| v. | : : |
| | : C.A. No.: |
| HEWLETT-PACKARD COMPANY, a Delaware Coporation; | : : JURY TRIAL REQUESTED |
| | : |
| APPLE COMPUTER INC., a California corporation; | : : |
| | : |
| ARUBA NETWORKS, INC., a Delaware corporation; | : : |
| | : |
| MERU NETWORKS, a Delaware corporation; and | : |
| | : |
| RUCKUS WIRELESS, a Delaware corporation, | : : |
| Defendants. | : |

## COMPLAINT

Linex Technologies, Inc. ("Linex") hereby sues Hewlett-Packard Company ("Hewlett-Packard"), Apple Inc. ("Apple"), Aruba Networks, Inc. ("Aruba"), Meru Networks ("Meru"), and Ruckus Wireless ("Ruckus") (collectively "Defendants").

## NATURE OF ACTION

1.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized design, manufacture, marketing, use, sale, offer for sale, distribution, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of U.S. Patent Nos. 6,757,322 ("the '322 patent") (Ex. A) and RE42,219 ("the '219 patent") (Ex. B) (collectively "the Asserted

Patents"). Linex seeks injunctive relief to prevent Defendants from continuing to infringe the Asserted Patents. In addition, Linex seeks recovery of monetary damages resulting from Defendants' past infringement of these patents.

2. This action for patent infringement involves Defendants' unauthorized design, manufacture, marketing, use, sale, offer for sale, distribution, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that operate using certain wireless communication methods, which infringe the Asserted Patents and which are used in wireless communications standards in the United States, such as IEEE 802.11n - IEEE Standard for Information Technology - Telecommunications and Information Exchange Between Systems.

## THE PLAINTIFF

3. Plaintiff Linex is a corporation organized and existing under the laws of Delaware, having a place of business at 13046 Redon Drive, Palm Beach Gardens, Florida 33410. Linex is the assignee and owner of the entire right, title, and interest in and to the '322 and '219 patents.

## THE DEFENDANTS

4. Upon information and belief, defendant Hewlett-Packard is a corporation organized and existing under the laws of Delaware, having a business address at 3000 Hanover Street, Palo Alto, California 94304-1185. Upon information and belief, Hewlett-Packard designs, manufactures, uses, sells, offers for sale, distributes, and/or imports wireless communication products accused of infringement herein.

5. Upon information and belief, Apple is a corporation organized and existing under the laws of California, having a business address at 1 Infinite Loop, Cupertino, California 95014.

Upon information and belief, Apple designs, manufactures, uses, sells, offers for sale, distributes, and/or imports wireless communication products accused of infringement herein.

6.      Upon information and belief, Aruba is a corporation organized and existing under the laws of Delaware, having a business address at 1344 Crossman Avenue, Sunnyvale, California 94089-1113.  Upon information and belief, Aruba designs, manufactures, uses, sells, offers for sale, distributes, and/or imports wireless communication products accused of infringement herein.

7.      Upon information and belief, Meru is a corporation organized and existing under the laws of Delaware, having a business address at 894 Ross Drive, Sunnyvale, California 94089.  Upon information and belief, Meru designs, manufactures, uses, sells, offers for sale, distributes, and/or imports wireless communication products accused of infringement herein.

8.      Upon information and belief, Ruckus is a corporation organized and existing under the laws of Delaware, having a business address at 880 West Maude Avenue, Suite 101, Sunnyvale, California 94085.  Upon information and belief, Ruckus designs, manufactures, uses, sells, offers for sale, distributes, and/or imports wireless communication products accused of infringement herein.

## JURISDICTION AND VENUE

9.      The claims asserted in this Complaint arise under the Patent Laws of the United States, 35 U.S.C. §§ 1-376.

10.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

11.     This Court has personal jurisdiction over Hewlett-Packard because Hewlett-Packard is incorporated and licensed to do business in Delaware.  Also, upon information and belief, Hewlett-Packard continuously, systematically, and purposefully conducts business within

Delaware, including but not limited to, shipping, distributing, selling, and/or offering for sale its products within Delaware. In addition, upon information and belief, the acts of infringement alleged in this Complaint are committed by Defendant Hewlett-Packard in Delaware.

12. This Court has personal jurisdiction over Apple because Apple is registered and licensed to do business in Delaware. Also, upon information and belief, Apple continuously, systematically, and purposefully conducts business within Delaware, including but not limited to, shipping, distributing, selling, and/or offering for sale its products within Delaware. In addition, upon information and belief, the acts of infringement alleged in this Complaint are committed by Defendant Apple in Delaware.

13. This Court has personal jurisdiction over Aruba because Aruba is incorporated and licensed to do business in Delaware. Also, upon information and belief, Aruba continuously, systematically, and purposefully conducts business within Delaware, including but not limited to, shipping, distributing, selling, and/or offering for sale its products within Delaware. In addition, upon information and belief, the acts of infringement alleged in this Complaint are committed by Defendant Aruba in Delaware.

14. This Court has personal jurisdiction over Meru because Meru is incorporated and licensed to do business in Delaware. Also, upon information and belief, Meru continuously, systematically, and purposefully conducts business within Delaware, including but not limited to, shipping, distributing, selling, and/or offering for sale its products within Delaware. In addition, upon information and belief, the acts of infringement alleged in this Complaint are committed by Defendant Meru in Delaware.

15. This Court has personal jurisdiction over Ruckus because Ruckus is incorporated and licensed to do business in Delaware. Also, upon information and belief, Ruckus

continuously, systematically, and purposefully conducts business within Delaware, including but not limited to, shipping, distributing, selling, and/or offering for sale its products within Delaware. In addition, upon information and belief, the acts of infringement alleged in this Complaint are committed by Defendant Ruckus in Delaware.

16. Venue is proper under 28 U.S.C. §§ 1391(b)(2), because upon information and belief a substantial part of the events giving rise to the claims described in this Complaint occurred in Delaware, and under § 1391(c), as the Defendants are subject to personal jurisdiction in Delaware.

## FACTUAL BACKGROUND

17. Defendants design, manufacture, market, use, sell, offer for sale, distribute, and/or import into the United States products and services that directly infringe, contributorily infringe, and/or induce others to infringe, or are used to practice processes that infringe, one or more claims of the Asserted Patents. Generally, Defendants' infringing products include wireless communication products that operate in a "multiple input, multiple output" ("MIMO") mode over a wireless local area network, as defined in the IEEE 802.11n standard.

### Defendants' Accused Products and Processes Infringe the Asserted Patents

18. On information and belief, the Hewlett-Packard products presently known to Linex that use MIMO and therefore infringe the Asserted Patents include the HP Pavilion dv2-1110us, HP G62m, HP ENVY 14, HP E-MSM 410, HP E-ESM 422, HP E-MSM 430, HP E-MSM 460, HP E-MSM 466, HP V-M200, HP MediaSmart LCD HD TV Model SL5288N, and HP MediaSmart x280n ("Hewlett-Packard Accused Products").

5

19. On information and belief, the Apple products presently known to Linex that use MIMO and therefore infringe the Asserted Patents include the MacBook®, MacBook® Air, MacBook® Pro, Airport Extreme, and Time Capsule ("Apple Accused Products").

20. On information and belief, the Aruba products presently known to Linex that use MIMO and therefore infringe the Asserted Patents include the AP-125, AP-124, AP-120, AP-121, AP-105, AP-92, and AP-93 ("Aruba Accused Products").

21. On information and belief, the Meru products presently known to Linex that use MIMO and therefore infringe the Asserted Patents include the AP300 series access points (including the AP320, AP311, and AP310), AP320i access point, and AP1000i series access points (including the AP1010i and AP1020i) ("Meru Accused Products").

22. On information and belief, the Ruckus products presently known to Linex that use MIMO and therefore infringe the Asserted Patents include the ZoneFlex 7300 series (including the ZoneFlex 7343 and ZoneFlex 7363) and ZoneFlex 7962 ("Ruckus Accused Products").

**Investigation Before the International Trade Commission**

23. Linex has instituted an investigation in the International Trade Commission against products manufactured by each Defendant that, upon information and belief, infringe the Asserted Patents to prevent the unlawful importation into the United States, the sale for importation, and the sale within the United States after importation by owners, importers, or consignees of these products.

**COUNT I: INFRINGEMENT OF THE '322 PATENT**

24. Linex realleges and incorporates by reference each of paragraphs 1-23 above.

25. Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use the Accused Products identified above, which infringe, directly, and/or

indirectly, claims 9 and 10 of the '322 patent. The '322 patent relates to MIMO wireless communication systems and methods. On information and belief, Defendants' Accused Products include a MIMO mode of wireless communication that infringes the asserted claims of the '322 patent. In particular, on information and belief, Defendants' Accused Products infringe the asserted claims by receiving and processing multiple spatial streams using multiple receive antennas. The infringing MIMO mode is described in, for example, Table 20-30 and related portions of the IEEE 802.11n standard.

26. Upon information and belief, each Defendant has also infringed one or more claims of the '322 patent by inducing others to infringe the patent and/or contributing to the patent's infringement by others.

27. Linex is entitled to recover damages adequate to compensate for the infringement.

### COUNT II: INFRINGEMENT OF THE '219 PATENT

28. Linex realleges and incorporates by reference each of paragraphs 1-23 above.

29. Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use the Accused Products identified above, which infringe, directly, and/or indirectly, claims 97, 107-109, 119-121, 131-133, 144, and 145 of the '219 patent. The '219 patent relates to MIMO wireless communication systems and methods. On information and belief, Defendants' Accused Products include a MIMO mode of wireless communication that infringes the asserted claims of the '219 patent. In particular, on information and belief, Defendants' Accused Products infringe the asserted claims by receiving and processing multiple spatial streams using multiple receive antennas. The infringing MIMO mode is described in, for example, Table 20-30 and related portions of the IEEE 802.11n standard.

30. Upon information and belief, each Defendant has also infringed one or more claims of the '219 patent by inducing others to infringe the patent and/or contributing to the patent's infringement by others.

31. Linex is entitled to recover damages adequate to compensate for the infringement.

## JURY DEMAND

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Linex requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Linex respectfully requests that the Court enter judgment against each Defendant, as follows:

A. determining that each Defendant has infringed one or more claims of the '322 and '219 patents;

B. permanently enjoining each Defendant, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them or any of them who receive actual notice of the judgment, from further infringement of the '322 and '219 patents;

C. ordering each Defendant to account for and pay to Linex all damages suffered by Linex as a consequence of the infringement of the '322 and '219 patents by that Defendant;

D. awarding Linex prejudgment and post-judgment interest on the damages suffered by it as a consequence of the infringement of the '322 and '219 patents by each Defendant;

E. finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Linex its reasonable attorney fees; and

F. granting Linex such other and further relief as the Court may deem just and proper.

        PROCTOR HEYMAN LLP

        */s/ Neal C. Belgam*
        Neal C. Belgam (#2721)
        E-mail: nbelgam@proctorheyman.com
        Melissa N. Donimirski (#4701)
        E-mail: mdonimirski@proctorheyman.com
        300 Delaware Avenue, Suite 200
        Wilmington, DE 19801
        (302) 472-7300

        Attorneys for Linex Technologies, Inc.

OF COUNSEL:

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Vincent P. Kovalick
E-mail: vince.kovalick@finnegan.com
Smith R. Brittingham, IV
E-mail: smith.brittingham@finnegan.com
Rajeev Gupta
E-mail: raj.gupta@finnegan.com
Rama G. Elluru
E-mail: rama.elluru@finnegan.com
Kenie Ho
E-mail: kenie.ho@finnegan.com
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: May 6, 2011